**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4269**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARC SHILMAND, a/k/a Pops,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:22-cr-00070-BO-1)

_____

Submitted:  August 30, 2024                        Decided:  September 11, 2024

_____

Before KING, QUATTLEBAUM, and BENJAMIN, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**ON BRIEF:** Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant.  David A. Bragdon, Lucy Partain Brown, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marc Shilmand seeks to appeal his Guidelines-range prison sentence after pleading guilty to distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and distribution of a quantity of fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Shilmand's attorney has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), raising the issue of whether his sentence is substantively unreasonable but concluding there are no meritorious grounds for appeal. The Government has moved to dismiss the appeal as barred by the appeal waiver. Shilmand was notified of his right to file a pro se supplemental brief but has not done so. We dismiss the appeal.

"'When the government seeks to enforce an appeal waiver and has not breached the plea agreement, we will enforce the waiver if it is valid and if the issue being appealed falls within' the scope of the waiver." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "A 'valid' appeal waiver is one entered by the defendant knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id*. "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *Id*. "An important factor in such an evaluation is whether the district court sufficiently explained the waiver to the defendant during the Federal Rule of Criminal Procedure 11 plea colloquy." *United States v. Manigan*, 592 F.3d 621, 637 (4th Cir. 2010). But, "a district court's failure to strictly abide by Rule 11 will not alone render an appellate waiver unenforceable." *Id*.

2

"We have consistently held that appellate waivers in valid plea agreements are enforceable." *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). "Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). But, there is "a 'narrow class of claims that we have allowed a defendant to raise on direct appeal despite a general waiver of appellate rights.'" *United States v. Moran*, 70 F.4th 797, 802 n.3 (4th Cir. 2023). "An appeal waiver does not preclude a defendant from challenging a sentence 'based on a constitutionally impermissible factor' or 'a sentence imposed in excess of the maximum penalty provided by statute.'" *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019). Moreover, we will not enforce an appeal waiver if doing so "would result in a 'miscarriage of justice.'" *United States v. McKinney*, 60 F.4th 188, 192 (4th Cir. 2023). "[T]o establish such a miscarriage of justice, a defendant need only make 'a *cognizable claim* of actual innocence.'" *Id.*

Based on our review of the record, we conclude that Shilmand knowingly and voluntarily waived his right to appeal his conviction and sentence, and the issue raised on appeal falls within the scope of the waiver. Moreover, we have reviewed the record for any potentially meritorious issues that might fall outside the waiver and have found none. Accordingly, we grant the Government's motion to dismiss the appeal.

This court requires that counsel inform Shilmand, in writing, of his right to petition the Supreme Court of the United States for further review. If Shilmand requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must

3

state that a copy thereof was served on Shilmand.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED*